## SHERIFF, CLARK COUNTY, NEVADA, Appellant, v. ALFRED BECKER, Respondent.

No. 15640

June 26, 1984                                683 P.2d 14

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Appellant.

*Alfred Becker,* Las Vegas, in proper person.

## OPINION

*Per Curiam:*

Respondent is a former Clark County justice of the peace. In 1980, he was convicted of taking excess fees while in office, a violation of NRS 4.080, and sentenced to removal from office and a $1000 fine. On January 26, 1984, respondent filed a petition for writ of habeas corpus in the district court, arguing that he was entitled to release from the penalties and disabilities of

his conviction under the provisions of NRS 176.225.[1] Respondent conceded that the statute on its face only allowed such release for defendants who have successfully completed probation, but he argued that this limitation denied equal protection of the laws to defendants who are not placed on probation but only fined. Respondent concluded that he was constitutionally entitled to the type of relief provided by the statute. The district court agreed, and (1) ordered respondent's conviction set aside and the information dismissed; (2) ordered respondent released from the penalties and disabilities of his conviction; and (3) directed the clerk to remit the $1000 fine. The sheriff of Clark County appeals from that order.

We conclude that the writ in this case was improvidently granted. Respondent failed to present any authority in support of his proposition that NRS 176.225 creates a denial of equal protection, and we are aware of none. Thus, respondent was not constitutionally entitled to relief under the statute. Since the statute only applies to defendants who successfully complete a period of probation, the district court was without authority to relieve respondent from the penalties and disabilities of his conviction. That relief may only be afforded respondent by the Board of Pardons. *See* NRS 213.090.

Accordingly, we hereby reverse the order granting the petition for writ of habeas corpus.[2]

---

[1]NRS 176.225 provides, in pertinent part:

1. Every defendant who:

(a) Has fulfilled the conditions of his probation for the entire period thereof; or

(b) Is recommended for earlier discharge by the chief parole and probation officer; or

(c) Has demonstrated his fitness for honorable discharge but because of economic hardship, verified by a parole and probation officer, has been unable to make restitution as ordered by the court, may at any time thereafter be permitted by the court to withdraw his plea of guilty or nolo contendere and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court may set aside the verdict of guilty; and in either case, the court shall thereupon dismiss the indictment or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted.

[2]In light of our disposition of this matter, we hereby deny as moot appellant's motion to supplement the record on appeal.